FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 29 2015 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

DAMION JOHNSON,

               Defendant.

14-CR-464

Statement of Reasons for Sentencing
Pursuant to 18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

**Table of Contents**

I.    Introduction ................................................................................................................. 1
II.   Defendant's Background ............................................................................................ 2
III.  Procedural History ...................................................................................................... 3
IV.  Offense Level and Category ...................................................................................... 3
V.   Law .............................................................................................................................. 3

### I.    Introduction

On August 1, 2014, Damion Johnson, a citizen of Jamaica, was arrested for an immigration violation.

On October 9, 2014, he pled guilty to one count of illegal reentry into the United States. 8 U.S.C. §§ 1326(a), 1326(b)(2).

On January 6, 2015, the defendant was sentenced to one year and one day in prison, with credit for time served. The sentence represents a downward departure from the Guidelines.

He was also sentenced to three years supervised release, inactive while the defendant is outside the United States; a $100 special assessment was levied. ECF No. 11.

The proceeding was videotaped to develop an accurate record of the courtroom atmosphere, as well as some of the subtle factors and considerations that a district court must

consider in imposing a sentence. *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for possible review of sentences on appeal).

## II.     Defendant's Background

Mr. Johnson, thirty-eight years old, is a citizen of Jamaica. Presentence Investigation Report 2, Dec. 5, 2014. There, he had a difficult upbringing: his family had little money, inadequate food, and often lacked running water and electricity. *Id.* at 7. His surrounding neighborhood was violent. *Id.* Mr. Johnson was mugged on several occasions, including once when he was stabbed in the thigh. *Id.*

Despite the tumultuous surroundings, Mr. Johnson's home life was free of abuse. *Id.* at 6–7. He continues to share a close and loving relationship with his elderly mother and father, who reside in Brooklyn and work as a home health aide and front desk concierge, respectively. *Id.* at 6.

At approximately age 17, the defendant graduated from secondary school in Jamaica and received a high school diploma. *Id.* at 9.

At the age of 18, Mr. Johnson came to the United States on a tourist visa to visit his elderly grandmother. *Id.* at 7. He remained in order to care for her. *Id.*

In 2002, at the age of 26, he was convicted of Robbery in the First Degree and Unlawful Possession of a Weapon in the Second Degree and incarcerated in New Jersey for approximately six years. *Id.*

On June 9, 2008, Mr. Johnson was deported to Jamaica. *Id.* In Jamaica, he had little family support; he feared for his physical well-being. *See* H'rg Tr. 32:21–33:23, Jan. 6 2015. He was subject to extortion threats by gang members who believed he had money based on his prior residence in the United States. *Id.* at 33:5–14; Presentence Report 3. He experienced

frequent harassment by law enforcement because of his prior conviction. H'rg Tr. 32:20–33:4; Presentence Report 5. On one occasion, a gun was pointed at the defendant. H'rg Tr. 34:23–35:4.

After five years, Mr. Johnson returned to the United States illegally to escape discriminatory treatment. *Id.* at 32:21–33:15. He was not arrested for and has not been charged with any subsequent illegal conduct, save this statutory immigration violation. Presentence Report 3.

### III. Procedural History

Defendant was sentenced on January 6, 2015. H'rg Tr., Jan. 6, 2015.

On January 16, 2015, the court *sua sponte* held a hearing to determine whether there was an error in the plea or the sentence. ECF No. 22. Decision was reserved. *Id.* For the reasons discussed orally on the record, the court finds no error in the plea or the sentence. *See* H'rg Tr., Jan. 16, 2015.

On January 21, 2015, counsel for defendant requested this court to make findings of fact that might affect his deportation. ECF No. 17. The government opposed. ECF Nos. 18, 26. After hearing oral argument, the court orally denied the motion. *See* H'rg Tr., Mar. 30, 2015. The conclusions stated in this memorandum are offered for the purpose of sentencing only.

### IV. Offense Level and Category

The total offense level is 14. The criminal history category is II, yielding a guidelines imprisonment range of 18–24 months. U.S.S.G. Ch. 5 Pt. A.

### V. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is

outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of Title 18, the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of section 3553(c)(2) of Title 18, *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States,* 552 U.S. 85 (2007). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, justifiable parsimony in incarceration is prized. *See, e.g.*, 18 U.S.C. § 3553 (a) ("The court shall impose a sentence sufficient, but not greater than necessary"); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## VI. 18 U.S.C. § 3553(a) Considerations

In sentencing Mr. Johnson, the "nature and circumstances of the offense and the history and characteristics of the defendant" were considered. 18 U.S.C. § 3553(a)(1).

## VII. Sentence

Under section 3553(a)(2)(B) of Title 18, a sentencing court must consider two major factors: general and specific deterrence. General and specific deterrence are achieved by the sentence imposed, and all elements of the Sentencing Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of Title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

The prospect of deportation was considered in Mr. Johnson's sentencing. *See United States v. Chin Chong*, 13-CR-570, 2014 WL 4773978, at *13 (E.D.N.Y. Sept. 24, 2014); *United States v. Sarpong*, 14-CR-242, 2014 WL 5363775, at *2 (E.D.N.Y. Oct. 21, 2014); *United States v. Palaguachy*, 14-CR-0184, 2014 WL 6606668, at *2 (E.D.N.Y. Nov. 19, 2014); *United States v. Florez Parra*, 14-CR-332, 2015 WL 105885, at *2 (E.D.N.Y. Jan. 7, 2015).

## VIII. Conclusion

In light of the nature and circumstances of the offense and the history and characteristics of the defendant, Mr. Johnson is sentenced to an incarceration term of one year and one day, with credit for time served, and a term of supervised release of three years, inactive while the defendant is outside the United States. *See supra* Part IV; U.S.S.G. § 5D1.1(a). The court recommends incarceration in or near the New York metropolitan area.

A $100 special assessment is imposed. 18 U.S.C. § 3013(a)(2)(A).

5

No fine is levied. Mr. Johnson does not possess substantial assets in the United States or in Jamaica, and is unlikely to possess such assets in the future.

Defendant's motion for proposed findings of facts is denied.

The court finds no error in the plea or sentence.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: April 14, 2015
       Brooklyn, New York